LIVELY, Circuit Judge,
concurring.
I concur in the result and in the greater part of the opinion which Judge Celebrezze has written for the panel. However, there is one significant area of the opinion with which I do not agree.
*1356 I would affirm rather than vacate the district court’s denial of a preliminary injunction in the action under Title IV of the Civil Rights Act of 1964. It does not appear to me that the District Judge abused her discretion in denying preliminary in-junctive relief on the basis of the evidence presented by the government. The reasons given by the district court for denial of the motion show that the equities were weighed and that a reasonable balancing of interests was performed.
Nor do I agree with the majority’s rejection of the district court’s reliance on Arlington Heights v. Metropolitan Housing Corp., 429 U.S. 252, 97 S.Ct. 555, 50 L.Ed.2d 450 (1977). The complaint in the Title IV case sought to enjoin the Ferndale School Board from depriving black school children of equal protection of the laws as guaranteed by the Fourteenth Amendment. The Supreme Court has held that “[pjroof of racially discriminatory intent or purpose is required to show a violation of the Equal Protection Clause.” Arlington Heights v. Metropolitan Housing Corp., supra, 429 U.S. at 265, 97 S.Ct. at 563. See also Washington v. Davis, 426 U.S. 229, 239-41, 96 S.Ct. 2040, 48 L.Ed.2d 597 (1976); Dayton Board of Education v. Brinkman, 433 U.S. 406, 419, 97 S.Ct. 2766, 53 L.Ed.2d 851 (1977).
The proof presented by the United States in support of its motion for a preliminary injunction was not sufficient to permit the “sensitive inquiry” commanded by the Supreme Court in Arlington Heights. Furthermore, on the basis of the proof of the plaintiffs only, the action of the district court on the preliminary injunction motion was not controlled by those cases cited in the majority opinion where the existence of dual school systems had been established after hearings on the merits or where their existence was admitted. A full hearing on the merits may produce the required proof of discriminatory purpose or intent. Nevertheless, I would hold that on the record before us the district court did not abuse its discretion or commit clear legal error in declining to issue a preliminary injunction.
One more comment is in order. It is difficult to understand the actions of the United States in these cases. Two separate suits were filed alleging substantially the same violations and seeking the same ultimate relief. The two actions were pursued separately and interlocutory appeals were taken from district court judgments in both cases. So far as one can discern from the' consolidated record on appeal, little concern has ever been shown for simplifying the issues or expediting the proceedings. In denying the motion for a preliminary injunction in the Title IV case the District Judge made it clear that she was prepared to proceed immediately to a trial on the merits. If such a trial had been held this court would now be reviewing a complete record, including the proffered findings of the HEW hearing examiner, and would be in position to render a decision which would deal with the central issues of the case. If black school children in Ferndale are being denied their constitutional rights, the procedures followed in this case have effectively postponed the implementation of a proper remedy.